■ In the Matter of JOHN MAHONEY, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel petitioner's appointment as librarian, the appeal is from a judgment of the Supreme Court, Westchester County (Stolarik, J.), entered February 14, 1984, which granted the respondent Board of Education's motion to dismiss the proceeding as barred by the Statute of Limitations. The appeal brings up for review so much of an order of the same court, entered July 30, 1984, as, upon reargument, adhered to its original determination (CPLR 5517 [b]).

Appeal from the judgment dismissed. That judgment was superseded by the order made upon reargument.

Order reversed, insofar as reviewed, judgment vacated, motion to dismiss denied and matter remitted to Special Term for a disposition on the merits.

Petitioner is awarded one bill of costs.

In December 1982, petitioner timely commenced his first article 78 proceeding seeking his appointment as librarian and annulment of the respondent Board of Education's appointment of respondent Earle to the position (CPLR 217). Special Term granted the respondent Board's motion to dismiss for failure to exhaust administrative remedies since a demand for arbitration was then pending following petitioner's initiation of grievance procedures through his union.

On May 23, 1983, a judgment was entered in the pending arbitration proceeding permanently staying arbitration and vacating the demand for arbitration. On September 26, 1983,

petitioner commenced this second article 78 proceeding seeking the same relief as in his first petition. The Board contended that this second proceeding was commenced beyond the four-month Statute of Limitations provided in CPLR 217. Special Term agreed with the Board and granted its motion to dismiss on the ground of untimeliness. We disagree and reverse.

Although petitioner's commencement of the instant proceeding on September 26, 1983 was beyond the four-month time limitation of CPLR 217, petitioner was entitled to the six-month extension of the time within which a proceeding must be commenced following a prior dismissal pursuant to CPLR 205 (a) *(see, Matter of Day Surgicals v State Tax Commn.,* 97 AD2d 865). Additionally, the six-month time limitation of CPLR 205 (a) did not commence running until the final determination was made permanently staying arbitration since the statute is tolled while a demand for arbitration is pending (CPLR 204 [b]). The instant proceeding was commenced within six months of the judgment permanently staying arbitration, entered on May 23, 1983, and the proceeding was, therefore, timely commenced. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.