OPINION OF THE COURT
Karla Moskowitz, J.
The defendants move, pursuant to CPLR 205 (a), to dismiss the complaint as time barred.
*557 The following facts, unless otherwise noted, are undisputed. This is a CPLR article 78 proceeding* in which the plaintiff Franklin Nursing Home (Franklin) seeks additional reimbursement under Medicaid. Franklin appealed its Medicaid reimbursement rates for the years 1979, 1980 and 1981 to defendant State of New York Department of Health (DOH), which denied the appeal. Thereafter, on or about August 16, 1982, Franklin challenged the DOH’s determination in the United States District Court for the Southern District of New York, asserting both State and Federal claims (the Federal action).
By order dated August 27, 1985, District Judge Lee P. Gagliardi dismissed all of the plaintiff’s State law claims on jurisdictional grounds and reserved decision on the plaintiff’s remaining Federal claim. The Federal action was then transferred to District Judge Ward who, by order dated August 7, 1987, denied Franklin’s Federal claim and summarily dismissed the complaint. By notice of appeal dated September 23, 1987, Franklin appealed to the United States Court of Appeals for the Second Circuit from both Judge Gagliardi’s August 27, 1985 order and Judge Ward’s August 7, 1987 order.
The plaintiff commenced this State action on February 28, 1986 and reasserted the State law claims the Federal court previously dismissed. On May 22, 1986, the defendants moved for summary judgment dismissing the complaint on the grounds that the plaintiff did not have jurisdiction over the DOH Commissioner; that the action was time barred pursuant to CPLR 205 (a); the Federal action was time barred pursuant to CPLR 217 and, as á result, this action is time barred because CPLR 205 (a) requires the original action to be timely.
Justice Tyler, by order dated October 10, 1986, denied that branch of the defendant’s motion for dismissal of the complaint for lack of jurisdiction over the DOH Commissioner and referred the two Statute of Limitations issues to a Special Referee to hear and report on certain factual questions. The parties subsequently resolved the CPLR 217 issue and agreed that the commencement of the Federal action was timely. The only question now is whether the commencement of this action is timely pursuant to CPLR 205 (a).
CPLR 205 (a) states: "If an action is timely commenced and is terminated in any other manner than by a voluntary *558 discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
The defendants allege that the Federal action, with respect to the State law claims, was "terminated” on August 27, 1985 pursuant to Judge Gagliardi’s memorandum decision. Consequently, the six-month limitations period under CPLR 205 (a) began to run on that date, making this action untimely. The defendants also maintain that, because the plaintiff did not pursue an appeal from the dismissal of the State law claims, the six-month limitations period of CPLR 205 (a) after an appeal does not apply.
The plaintiff contends that the "termination” of the Federal action occurred, at the earliest, in August 1987 when judgment was entered dismissing the final cause of action and the complaint in its entirety. The plaintiff also argues that it did not have an opportunity to appeal the dismissal of the State law causes of action until judgment was entered in August 1987 and that, despite the defendants’ contentions, plaintiff did appeal the dismissal of both the State and Federal claims. That it may not have vigorously argued its case with respect to the State claims is inapposite.
Rule 54 (b) of the Federal Rules of Civil Procedure states: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. ” (Emphasis added.)
*559 It is also clear that the plaintiff was unable to appeal the dismissal of the State law claims until judgment was entered in August 1987. Adopting the defendant’s argument would set the Federal action’s termination date on the day of Judge Gagliardi’s decision. Then, plaintiff would have the option of proceeding with its Federal appeal after commencing a State action.
This court cannot condone that result. Because the point of termination is considered generally to be the point where a plaintiff has exhausted its rights with respect to the litigation (1 Weinstein-Korn-Miller, NY Civ Prac [[ 205.07) and because the Federal Rules state that the Federal action is not terminated until the entry of judgment adjudicating all the claims, this court concludes that the earliest termination point is entry of judgment in the Federal action in August 1987. Thus, the plaintiff’s action is timely.
Accordingly, the defendants’ motion to dismiss the complaint pursuant to CPLR 205 (a) is denied.

 The plaintiff originally brought this proceeding as a declaratory judgment action and Justice Andrew Tyler converted it to the present article 78 proceeding in a decision dated October 10,1986.