Michael J. CECERE, Plaintiff,

v.

**COUNTY OF WESTCHESTER, et al. Defendant.**

No. 92 Civ. 1990 (VLB).

United States District Court, S.D. New York.

March 4, 1993.

Robert Folchetti, Stockfield & Fixler, Carmel, NY, for plaintiff.

Adam Corin, Westchester County Attorney's Office, White Plains, NY, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

 This case involves alleged violations of the civil rights of a prisoner who claims to have been attacked by other inmates under circumstances brought about by improper prison overcrowding and inadequate safeguards against such events. Defendants have moved to dismiss the complaint. Since defendants have submitted no response to the allegations of the complaint, I must treat the factual allegations therein as true for purposes of the present motion.[1] For the

---

1. On a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the court may dismiss a complaint where its assertions do not make sense and are not buttressed by adequate corroboration to overcome such a circumstance. See *Mat-* *sushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Such an approach is, of course, not applicable on a motion to dismiss under Fed.R.Civ.P. 12 prior to any factual devel-

reasons and under the conditions set forth below, I deny the motion.

## II

■ Deliberate indifference to inmate safety constitutes denial of liberty without due process in violation of the Fourteenth Amendment. See *Stubbs v. Dudley*, 849 F.2d 83, 85 (2d Cir.1988), *cert. denied* 489 U.S. 1034, 109 S.Ct. 1095, 103 L.Ed.2d 230 (1989).

■ The complaint in this case contains only conclusory allegations concerning inadequate safety precautions. But detailed information on that subject is not readily available to the plaintiff and hence otherwise insufficient allegations may suffice in the first instance. If a party submits all of the information available to that party without discovery, and it supports an inference that a legal standard has been violated, it may be necessary to authorize at least limited discovery to develop whether or not dismissal of the complaint at that stage would constitute a miscarriage of justice. See generally *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir.1987); *Mary Ann Penisero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir.1988).[2]

I have been made aware, in connection with other litigation before me, of a non-published decision involving strikingly similar facts in which the Second Circuit upheld the validity of the complaint. That decision states that it should not be cited in unrelated cases.[3] Nevertheless, having become aware of it, it is not realistic or appropriate for me to disregard it; nothing in any rule or in the legend attached to the ruling requires me to do so.

Since law, as Justice Holmes indicated, consists of what the courts "do in fact," *The Path of the Law*, 10 Harv.L.Rev. 457 (1987), also in O.W. Holmes, *Collected Legal Papers* 173 (1921), fairness requires me to disclose this fact to the parties and to permit them to inspect the decision should they wish, although I honor the direction contained in that decision by not citing it.

## III

■ In addition to a violation of the Fourteenth Amendment, plaintiff must establish significant harm in order to secure relief. The complaint is notably sparse in describing the precise nature of the violence allegedly suffered by plaintiff and what physical injuries, if any, resulted from it. In regard to this aspect of the case, unlike that concerning policies of the prison administration, plaintiff cannot rely on lack of personal knowledge of the critical information.

Although I deny defendants' motion to dismiss, I grant them permission to make a motion for summary judgment after responding to all reasonable requests for documents pursuant to Fed.R.Civ.P. 34 concerning the incident alleged to have occurred affecting plaintiff, any injuries to plaintiff, and safe-

opment of the case, even though conclusory allegations alone are insufficient unless the facts are chiefly known to the adversary and an inference favorable to plaintiff can be drawn from information furnished. See generally Marcus, *The Revival of Fact Pleading Under the Federal Rules of Civil Procedure*, 86 Colum.L.Rev. 433 (1986).

**2.** Plaintiff's claim is not established by the existence of rulings that prior prison conditions were unacceptable, when those conditions may have changed to the extent pertinent. Nor would violations of a consent or litigated decree necessarily establish that the conduct involved violates the Fourteenth Amendment or that damages can be awarded for them. Injunctive relief often goes beyond constitutional or statutory requirements in order to reduce the likelihood of violations of federal law. See *Rufo v. Inmates of Suffolk County Jail*, —— U.S. ——, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992).

Injunctions, or governmental contracts even if intended for protection of a given class of persons, do not automatically create private rights of action for damages in favor of nonparties, although they may do so if this is provided for or intended. See *Price v. Pierce*, 823 F.2d 1114 (7th Cir.1987), *cert. denied* 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 422 (1988); *Guernsey v. Rich Plan of the Midwest*, 408 F.Supp. 582 (N.D.Ind. 1976); Special Committee on Consumer Affairs, *Report*, 32 Record of The Ass'n of the Bar of the City of New York 30 (1976); Notes, 94 Yale L.J. 875 (1985); 57 Colum.L.Rev. 406 (1957). There is no indication of such intent set forth in the complaint or other papers submitted so far in this case.

**3.** See Rules of the United States Court of Appeals for the Second Circuit 0.23; Committee on Federal Courts, *Report*, 38 Record of The Ass'n of the Bar of the City of New York 249 (April 1983).

guards to avoid incidents of the kind claimed by plaintiff to have occurred. I direct defendants to provide to defense counsel any reports in their possession concerning the incident claimed by plaintiff, concerning precautions taken to avoid risks of incidents of the type claimed to have occurred in this case, and concerning any injuries sustained by plaintiff at the time, and I direct plaintiff to provide to counsel for defendants any available information relevant to such injuries, if any. Other discovery is stayed unless otherwise ordered.

## IV

■   Apart from their challenge to the substance of the complaint, defendants seek dismissal of the complaint as untimely. The applicable period of limitations is three years, borrowed from NY CPLR § 214, as set forth in *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1984). Pursuant to CPLR § 205, the running of the limitations period is tolled during the pendency of this action, including prior complaints which were dismissed with leave to replead. See *Cullen v. Margiotta*, 811 F.2d 698, 727 (2d Cir.), *cert. denied sub nom. Nassau County Republican Committee v. Cullen*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Harris v. United States Liability Ins. Co.*, 746 F.2d 152 (2d Cir.1984); *Delgado v. New York City Dept. of Corrections*, 797 F.Supp. 327 (S.D.N.Y.1992).

On the assumption that new process was required to be served, under Fed.R.Civ.P. 3 the filing rather than service of the complaint is the applicable event with regard to satisfaction of the statute of limitations in this federal question case, even though the limitation period is borrowed from state law. *West v. Conrail*, 481 U.S. 35, 38–39, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32 (1986) makes it clear that this is so irrespective of state law with regard to necessity for service.

■   Defendants argue that a decision on a motion to dismiss rather than entry of judgment under Fed.R.Civ.P. 58 marks termination of a case for purposes of restarting the running of time limitations. This concept is contrary to federal treatment of what constitutes termination of a case for the analogous purpose of starting the running of time to appeal under Fed.R.App.Proc. 4 and is not supported by any references to federal case law. Such law, rather than state law, is relevant here under *West*.

Moreover, defendants' approach would create the bizarre consequence that repleaded complaints would be treated as new lawsuits with a new docket number, possibly assigned to a new judge unless submitted as cases related to the prior lawsuit, and would have to be served on the parties rather than on counsel who remain in the case as called for by Fed.R.Civ.P. 5, even if judgment had not been entered dismissing the original suit. To permit a defendant to acquiesce in the original case remaining open rather than being closed by judgment, and then to assert that the statute of limitations had run would also be to allow one creating confusion to benefit from it. This is not permissible, inasmuch as "... equitable estoppel has been applied to prevent a defendant from relying on a limitations bar if that defendant has contributed to confusion ..." *Schrader v. Royal Caribbean Cruise Line*, 952 F.2d 1008, 1013 (8th Cir.1991).[4] Defendants do not dispute that under these legal interpretations the present complaint is timely.[5]

SO ORDERED.

---

**4.**  Rule 5(a) specifically refers to "every pleading subsequent to the original complaint unless the court otherwise orders ..." and Rule 5(b) authorizes service "upon the attorney unless service upon the party is ordered by the court."

**5.**  The interpretation adopted here is also in keeping with the stress on actual notice of a claim prior to running of time limitations adopted in the 1991 amendments to Fed.R.Civ.P. 15, discussed in the Notes of the Advisory Committee concerning those amendments.