■ VERNE MAKI, Respondent, v WALTER GRENDA et al., Appellants, et al., Defendants. [637 NYS2d 553] —Order unanimously affirmed without costs. Memorandum: Defendants' motion to dismiss the action pursuant to CPLR 3211 (a) (5) was properly denied. Plaintiff commenced this action within six months after the termination of her action in Federal court *(see,* CPLR 205 [a]). In an order entered October 19, 1993, a Federal court dismissed the pendent State law claims unless plaintiff repleaded her RICO claim within thirty days. Contrary to

defendants' contention, the Federal action did not terminate upon entry of that order. Under CPLR 205 (a), "the point of termination is considered generally to be the point where a plaintiff has exhausted its rights with respect to the litigation" *(Franklin Nursing Home v Axelrod,* 148 Misc 2d 556, 559, citing 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.07; *see,* 2A Carmody-Wait 2d, NY Prac § 13:381, at 387). Plaintiff's rights were not exhausted with respect to the action in Federal court until the RICO claim was not timely repleaded. Therefore, the Federal action did not terminate until November 18, 1993 *(see, McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 23, n 2; *Storch v Gordon,* 37 Misc 2d 731, 732). Because the instant action was commenced on April 21, 1994, it is well within the six-month period *(see,* CPLR 205 [a]).

Supreme Court also properly denied the motion to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (7). Further, the fraudulent and deceitful conduct alleged in the complaint sufficiently supports plaintiff's claim for punitive damages to withstand defendants' motion to dismiss that claim *(cf., Cook v Hartford Fire Ins. Co.,* 97 AD2d 731; *Sony Corp. v American Express Co.,* 115 Misc 2d 1060, 1065). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.