■ HERMAN HELD, Appellant, v IVAN KAUFMAN et al., Defendants, and ARBOR NATIONAL HOLDING, INC., et al., Respondents. [690 NYS2d 612] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 7, 1997, as granted the motion by the defendant Bank of America, FSB, as successor in interest to and s/h/a, Arbor National Holding, Inc., and Arbor National Mortgage, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the particular circumstances of this case (*see, Held v Kaufman,* 91 NY2d 425), we agree with the Supreme Court that the plaintiff may not recover damages from the Bank of America, FSB (hereinafter the Bank of America) for the alleged tortious conduct of the individual defendants Ivan Kaufman and Anita Kaufman (hereinafter the Kaufman defendants). Even if we assume that the Kaufman defendants fraudulently induced the plaintiff to part with his partnership interest in the mortgage lending venture established by the plaintiff and the late Morris Kaufman, it is clear that the Kaufman defendants were acting for their own benefit and not for Arbor National Holding, Inc., and Arbor National Mortgage, Inc. (hereinafter collectively referred to as Arbor). Thereafter, when the Kaufman defendants sold their interest in the closely-held Arbor to the Bank of America, they were once again acting for their own benefit. The plaintiff never possessed any

shares or certificates evidencing his alleged ownership interest in Arbor and clearly, the Bank of America never assumed any corporate obligation to the plaintiff pursuant to Business Corporation Law § 906 (b) (3) when it acquired Arbor in an arms-length, good-faith transaction.

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.