Jonathan HAKALA, Plaintiff–
Appellant,

v.

DEUTSCHE BANK AG (Formerly
Bankers Trust Corp.), Deutsche Bank
Alex. Brown, Inc. (formerly BT Securities, Inc.), Defendants–Appellees.

Docket No. 02–7501.

United States Court of Appeals,
Second Circuit.

Argued: Jan. 17, 2003.

Decided: Sept. 5, 2003.

Herbert Monte Levy, New York, N.Y., for Appellant.

Cliff H. Fonstein (Kenneth J. Turnbull, on the brief), O'Melveny & Myers LLP, New York, N.Y., for Appellees.

Before: LEVAL and CABRANES, Circuit Judges, and BERMAN, District Judge.*

* The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

LEVAL, Circuit Judge.

Plaintiff Jonathan Hakala appeals from the dismissal by the United States District Court for the Southern District of New York (Constance B. Motley, *Judge*) of his petition to vacate an arbitration award by reason of untimeliness under N.Y. C.P.L.R. § 7511(a). That statute provides,

An application to vacate or modify an [arbitration] award may be made by a party within ninety days after [its] delivery to him.

Hakala contends that because an earlier timely filing of his action was dismissed for a curable procedural irregularity, N.Y. C.P.L.R. § 205(a) allowed him to refile within six months, which he did. Section 205(a) provides,

If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence ... within six months after the termination ....

The district court ruled, however, that § 205(a) is not applicable to an application to vacate an arbitration award under § 7511(a). The district court based its ruling on a decision of the New York Court of Appeals that § 205(a) applies to a "Statute of Limitations," which "merely suspends the remedy provided by a right of action," but does not apply to a "condition precedent," which *conditions* the existence of a right of action" on timely suit. *Yonkers Contracting Co., Inc. v. Port Auth. Trans–Hudson Corp.,* 93 N.Y.2d 375, 378, 690 N.Y.S.2d 512, 712 N.E.2d 678 (1999) (emphasis in original). The district court concluded that the ninety-day requirement of § 7511(a) was a condition precedent because "Article 75 both created the cause of action and attached a time limit to its commencement." *Hakala v. Deutsche Bank AG,* No. 01 Civ. 3366, 2002 WL 498629, at *5 (S.D.N.Y. Apr.1, 2002) (quoting *Yonkers Contracting*) (internal quotation marks and brackets omitted).

We believe that § 205(a) was applicable and accordingly direct that the suit be reinstated. We vacate the judgment and remand for further proceedings.

## BACKGROUND

BT Securities, Inc., now Deutsche Bank Alex. Brown, Inc., hired Jonathan Hakala in July 1989 to head its high-yield bond trading desk, and fired him in August 1991. On or about August 14, 1997, Hakala commenced arbitration, claiming that BT Securities had fired him illegally to retaliate for his opposition to its income-reporting practices and breached its compensation agreement with him. On November 22, 1999, the arbitration panel denied Hakala's claims in their entirety.

Within the ninety-day time period allowed by C.P.L.R. § 7511(a), Hakala filed a petition in the Southern District of New York, seeking to vacate the arbitration award on the grounds that the arbitrators had rendered their decision in manifest disregard of the law. As a citizen of New Jersey suing a New York bank, Hakala was entitled to bring the petition in federal court under 28 U.S.C. § 1332 by reason of the diverse citizenship of the parties. His attorney, however, failed to plead the basis of federal jurisdiction. On September 25, 2000, the district court dismissed the petition *sua sponte* for failure to allege diversity of citizenship or other basis of federal subject matter jurisdiction *See Hakala v. Deutsche Bank,* No. 00 Civ. 1335, 2000 WL 1425049 (S.D.N.Y. Sep.26, 2000).

In dismissing the action, the district court did not offer Hakala an opportunity to amend his pleadings to cure the deficiency of pleading, and Hakala's attorney neither moved for reconsideration nor advised the court that the parties were in fact diverse. Instead, Hakala filed a new petition in New York State Supreme Court on March 23, 2001, within six months of the district court's dismissal of the earlier suit. Deutsche Bank promptly removed the case to the Southern District by reason of diversity jurisdiction. The case was referred to the original district judge as a "related matter," but that judge rejected the assignment. The case was then reassigned to a second judge, and soon thereafter to Judge Motley.

On April 27, 2001, before a judge had been assigned to the case, Deutsche Bank filed a motion to dismiss, arguing two grounds: (i) that Hakala's petition failed to plead his claim with the specificity required under Fed.R.Civ.P. 8(a), and (ii) that it was untimely under the ninety-day limit of C.P.L.R. § 7511(a). Under applicable calendar rules, the answering papers would ordinarily have been due in mid-May. Hakala's attorney, apparently assuming that no reply would be due until the case had been assigned to a judge, did not respond. He did not receive notice of the assignment to the second judge, nor of the reassignment to Judge Motley. He learned of the reassignment by telephone from opposing counsel, in the summer of 2001. He then wrote a letter to the court dated August 1, 2001, requesting a briefing schedule on the motion to dismiss. On August 2, before receiving the letter, the court calendared a pre-trial conference for September 25. Hakala's lawyer, apparently believing the scheduling of the conference was in response to his letter requesting a briefing schedule, deferred filing any answer to the defendant's motion to dismiss. On August 16, 2001, however, Judge Motley, finding that Deutsche Bank's motion to dismiss was unopposed since April, granted the motion and dismissed the action.

Hakala's lawyer went on vacation shortly after the court entered its dismissal order, apparently making no provision to be advised of court orders. When he became aware of the dismissal upon his return from vacation, he filed a timely notice of appeal. On December 4, 2001, the parties entered into a stipulation, which the Second Circuit approved, dismissing Hakala's appeal without prejudice and giving him thirty days to file a motion under Fed.R.Civ.P. 60(b)(1) seeking relief from the dismissal on grounds of "mistake, inadvertence, surprise, or excusable neglect." The district court granted the motion, but immediately dismissed the action with prejudice on the grounds that the action was untimely under the ninety-day requirement of C.P.L.R. § 7511(a). Hakala appeals from that decision.

## DISCUSSION

The resolution of this appeal turns on whether the grace period provided by § 205(a) for the refiling of an action dismissed by reason of some curable defect applies to a petition under § 7511(a) to vacate an arbitration award. If § 205(a) applies to such a suit, the plaintiff's refiling was timely, and the suit should not have been dismissed. If § 205(a) does not apply, the refiled action was time barred.

In *Yonkers Contracting*, the New York Court of Appeals addressed the question when § 205(a) does and does not apply. As noted, the Court of Appeals explained that § 205(a) will provide a plaintiff with an additional time allotment for refiling when the time limits for the institution of such an action are specified in a *statute of limitations*, "which merely suspends the

remedy provided by a right of action," but not when the limitation period is specified in a statute establishing a *"condition precedent"* to the maintenance of such an action. 93 N.Y.2d at 378, 690 N.Y.S.2d 512, 712 N.E.2d 678. That formulation leaves open the question when a time limitation functions as a statute of limitations and when it functions as a condition precedent. The district court understood the Court of Appeals's discussion in *Yonkers Contracting* to mean that § 7511(a)'s time limit functions as a condition precedent, and so bars application of § 205(a). We respectfully disagree.

*Yonkers Contracting* was an action for damages brought by a general contractor against a subsidiary of the Port Authority of New York and New Jersey. N.Y. Unconsol. Law § 7107 waived sovereign immunity for suits against the Port Authority if such suits were brought within one year of accrual of the claim. The plaintiff originally instituted its suit within the one-year period; that suit was dismissed, however, by reason of the plaintiff's failure to exhaust required administrative procedures before suing. Within six months the plaintiff reinstituted the action. The trial court, however, dismissed the resumed action on the ground that it was not begun within a year of accrual of the claim as required by § 7107. The Court of Appeals affirmed the ruling, concluding that § 205(a)'s grace period was not applicable.

The result in *Yonkers Contracting* was undoubtedly harsh. A plaintiff which had instituted an action in timely fashion and suffered a dismissal intended as provisional, by reason of a curable defect, was precluded thereby from ever reinstituting the action. The New York Court of Appeals, however, had substantial reason to justify the harsh result. The Court gave three reasons for its conclusion that the time limitation of § 7107 fell into the category of *condition precedent,* making § 205(a) inapplicable. The first reason was that the right to sue in that case resulted from a statutory waiver of sovereign immunity. *Yonkers Contracting,* 93 N.Y.2d at 378–79, 690 N.Y.S.2d 512, 712 N.E.2d 678. The second reason was drawn from the Court of Appeals's prior assertion, in *Romano v. Romano,* 19 N.Y.2d 444, 447, 280 N.Y.S.2d 570, 227 N.E.2d 389 (1967) of a "general rule" that "if a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause." *Id.* at 447, 280 N.Y.S.2d 570, 227 N.E.2d 389 (quoted in *Yonkers Contracting* at 378–79, 690 N.Y.S.2d 512, 712 N.E.2d 678). As the third reason, the Court of Appeals found in the language of § 7107, which allowed suit against the Port Authority only *"upon the condition* that [plaintiffs satisfy the time requirement]," a clear indication of legislative intent to make the right of action conditional on institution within one year. *Yonkers Contracting,* 93 N.Y.2d at 378–79, 690 N.Y.S.2d 512, 712 N.E.2d 678 (quoting N.Y. Unconsol. Law § 7107) (emphasis in original).

Of the three reasons given by the Court of Appeals for its conclusion in *Yonkers Contracting,* only one is found in our case, and that is the least persuasive of the three—the fact that a single statute both created a cause of action and prescribed the time within which it could be brought. Of the considerations noted in *Yonkers,* we think the intent of the legislature weighs far more heavily than this "general principle" of statutory interpretation. Given the harsh, arbitrary, and capricious consequences that could flow from making the remedial benefits of § 205(a) inapplicable, we find little reason to suppose that the legislature intended § 7511(a) to make the remedial provision of § 205(a) inapplicable.

Section 205(a), noted by Judge Cardozo as having "its roots in the distant past" of common law practice, *see Gaines v. City of New York,* 215 N.Y. 533, 537, 109 N.E. 594 (1915), serves a vitally important remedial function. Aggrieved plaintiffs who institute their actions within the time specified by law sometimes suffer a dismissal, intended as provisional, as the result of some remediable deficiency, such as omission of an allegation necessary to the pleading, failure to exhaust an administrative prerequisite, or the like. For reasons the plaintiff is powerless to protect against, such a dismissal may be ordered, as in this case, after the expiration of the time allowed for instituting such a suit, and without offering the plaintiff the opportunity to replead in the original action. Such a dismissal, although intended by the court as a temporary measure, nonetheless may have the effect of permanently barring the plaintiff's suit. Without the remedial benefit of § 205(a), it would be unclear how much time, if any, the plaintiff had in which to reinstitute the suit.

■ The purpose of § 205(a) is to avert unintended and capricious unfairness by providing that if the first complaint was timely but was dismissed for such curable reasons, the suit may be reinstituted within six months of the dismissal. Given its remedial importance in guarding against capricious, unfair deprivation of a valuable claim, the Court of Appeals has cautioned that § 205(a)'s "broad and liberal purpose is not to be frittered away by any narrow construction." *Morris Investors, Inc. v. Comm'r of Finance,* 69 N.Y.2d 933, 935, 516 N.Y.S.2d 635, 509 N.E.2d 329 (1987) (internal quotation marks and citations omitted).

The question before us is one of legislative intent—specifically whether in passing § 7511(a), which provides for actions to vacate arbitration awards brought within ninety days of the award, the New York legislature intended that the remedial provision of § 205(a) should not apply. There is nothing in the wording of § 7511(a) to indicate the legislature had such intent. Nor can we discern any reason why the legislature might have wanted to command such capricious, potentially unfair consequences.

■ Our case is in some ways a characteristic model of the likely unfair consequences of such a regime. The petition to vacate the arbitration award was timely filed in the federal court. It therefore satisfied the primary goal of a limitation period—to give the defendant timely notice of the existence of the claim so that it could take steps to prepare for the litigation. *See Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 352, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) ("Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights."); *Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1074 (2d Cir.1993) (Limitations periods "are designed to ensure fairness to defendants and to prevent surprises."). Although the complaint was sufficient in all other aspects, it was deficient for filing *in federal court* because it failed to assert the basis of federal jurisdiction (very likely because plaintiff's counsel mistakenly believed that invocation of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* created a basis for federal subject matter jurisdiction under 28 U.S.C. § 1331). The district court, no doubt assuming that the action belonged in state rather than federal court, dismissed the petition without allowing leave to replead in federal court to cure the deficiency. The dismissal was intended not to terminate the action, but only to cause the plaintiff to begin anew in the proper court. In these circumstances it would seem a

misadventure of justice to preclude reliance on the remedial provision of § 205(a).

It seems to us most unlikely that the New York legislature, in passing the ninety-day limitation period of § 7511(a), intended to deny petitioners the benefits of § 205(a). The only reason given by the district court for so construing the statute was what the New York Court of Appeals had described as a general principle of statutory construction, enunciated in *Romano* and quoted in *Yonkers Contracting,* to the effect that the statement of the limitation period within the same statute as creates the cause of action is generally thought to make the time period an ingredient of the action. We do not believe the New York Court of Appeals intended this *general principle* to be followed as an absolute rule, regardless whether it would produce results compatible with the probable intent of the legislature.

The circumstances of *Yonkers Contracting* were quite different from the present ones for at least two reasons. First, the statute being interpreted was a waiver of sovereign immunity. Courts generally read such waivers conservatively, lest the sovereign be forced to defend a suit to which it never consented. *See, e.g., Lane v. Pena,* 518 U.S. 187, 195, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (following the "established practice of construing waivers of sovereign immunity narrowly in favor of the sovereign"). Given the fact that a sovereign entity was free to make itself completely immune to suit by simply declining to waive its immunity, the harsh result of disallowing the remedial provision of § 205(a) was far less unfair. Second, and more important, the court found in the language of the statutory waiver a clearly expressed intention to condition it on strict conformity to the time limitation.

A petition to vacate an arbitration award is quite different. We can see no reason to believe the New York legislature intended the capricious consequences of denying the remedial benefits of § 205(a). The express language of the statute indicates no such intention. By making a timely filing of the initial petition within ninety days, the plaintiff fulfilled the principal function of a statutory limitation period—giving the defendant timely notice that it would need to prepare to defend against the claim.

General principles of statutory construction are notoriously unreliable. A general principle of the sort cited in *Romano* can be helpful to courts in choosing between competing interpretations of statutes when the court needs to choose, but can find little rational basis to select one interpretation over another. But where there are substantial reasons to believe the legislature intended the fairer, less capricious of two competing interpretations, such a maxim should not take precedence over more convincing reasons.

As we read the relevant statutes, the remedial provisions of § 205(a) apply to an action under § 7511(a) to vacate an arbitration award. Plaintiff's refiling of his complaint within six months of the dismissal for failure to plead the basis of the federal court's jurisdiction was timely. The complaint should not have been dismissed.

## CONCLUSION

The judgment dismissing the action is Vacated. The case is remanded for further proceedings.