**Michael EDWARDS, Plaintiff–Appellant,**

v.

**John TARASCIO, Warden, i/o, et al., Defendants–Appellees.**

No. 00–0074–PR.

United States Court of Appeals, Second Circuit.

Jan. 4, 2005.

Michael Edwards, MacDougal Correctional Facility Suffield, Connecticut, for Plaintiff–Appellant, pro se.

Lynn D. Wittenbrink, Attorney General's Office Hartford, Connecticut, for Defendants–Appellees.

Present: SOTOMAYOR and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **VACATED** and the matter is remanded to the district court for further proceedings in light of this Court's decisions in *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir.2004), and *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004).

Plaintiff-appellant Michael Edwards, *pro se*, appeals from a district court judgment dismissing his 42 U.S.C. § 1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to satisfy the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997c ("PLRA"). Edwards brought suit against Warden John Tarascio and Corrections Officers Saundry, Bolger, Mulligan, Sandy, Paradise and Lewis. *See* ROA Doc. 3 (Complaint). Previously, this Court entered an order staying Edwards's appeal pending this Court's decisions in *Abney v. McGinnis*, 380 F.3d 663 (2d Cir.2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004) and *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004). On August 18, 2004, this Court issued decisions in all five cases.

In his complaint, Edwards claimed, *inter alia*, that the defendants-appellees violated his Eighth and Fourteenth Amendment rights during a January 1997 body and cavity search. *See id.* at 4. Specifically, Edwards alleged that: (1) corrections officers used excessive force and committed sexual assault, battery and negligence during the search; (2) the officers failed to check the sanction book to verify whether he was on "confined to quarters" status; (3) he was placed in punitive segregation for thirty days and improperly denied un-specified medical care; and (4) Warden Tarascio threatened him with additional sanctions if he continued to complain about the incident and also improperly failed to take administrative action against the corrections officers after being notified of the incident. *See id.* at 4–6.

Edwards did not state in his complaint that he had exhausted his administrative remedies, nor did he attach a copy of any written grievance made by him. However, he did attach a February 1997 letter from Warden Tarascio to Edwards, which contained the subject line, "RE: Letter to Captain Peters for Investigation." *See id.*, Attachment 1. In this letter, Tarascio stated that his office was "in receipt of the investigation finding regarding your claims of inappropriate staff behavior" and that a "review of the facility video tape surrounding your placement into the Restrictive Housing unit for interfering with safety and security reveal[ed]" that "[a]t no time was there inappropriate staff behavior." *Id.* The Warden's letter further stated that Edwards's claims of inappropriate treatment were unsubstantiated and instructed Edwards to direct any future issues to his counselor or unit manager. Second, Edwards attached a letter from his sister to Tarascio informing the Warden that Edwards had been physically and sexually assaulted by a corrections officer. *Id.*, Attachment 2. Third, Edwards included with his complaint a letter from Tarascio to Edwards's mother in which the Warden stated that Edwards had claimed that "staff had spit in his food and that he was sexually assaulted by staff via videotape ... these allegations will be looked into and if they prove false your son may be subject to disciplinary sanctions for false information." *Id.*, Attachment 3. Tarascio further stated that he would ask Captain Peters to review the matter, indicating

that Edwards's mother could contact the Warden by telephone. *See id.*

The defendants-appellees moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). Edwards was given an opportunity to respond to the motion, but failed to provide additional evidence that he had exhausted his administrative remedies. The district court granted the motion to dismiss "without prejudice to [Edwards] moving to reopen the case within thirty days based on a presentation of evidence that he exhausted his administrative remedies" and found that, although Tarascio's letter was attached to the complaint, there was "no indication that [Edwards] ever utilized the administrative grievance procedures that are available to prisoners in Connecticut to address the type of conduct at issue in this case." *See* ROA Doc. 33 at 2–3.[1]

We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6). *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). We accept all the material allegations of the complaint, and will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. *See Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). This rule applies with "particular force" in cases where a plaintiff proceeds *pro se* or alleges civil rights violations. *See id.* (internal cita-

tions and quotation marks omitted). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *See id.* (internal citations and quotation marks omitted).

Warden Tarascio's letter to Edwards makes clear that, at a minimum, Edwards made some form of a complaint, resulting in a formal investigation of the claims and a letter from the Warden detailing the results of the investigation. The district court's conclusion that Edwards's complaint should be dismissed because "there is no indication that [Edwards] ever utilized the administrative grievance procedures that are available to prisoners" runs contrary to this Court's holding in *Johnson* that uncounselled inmates cannot be expected to satisfy a standard more stringent than that of a notice pleading when navigating prison administrative procedures. *See Johnson,* 380 F.3d at 697 (observing that "[t]he PLRA's exhaustion requirement is designed to 'afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case' " (quoting *Porter v. Nussle,* 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002))). We explained that "[w]hether or not Johnson's disciplinary appeals was enough to 'alert[ ] the prison to the na-

---

1. In February 2002, Edwards filed two motions to reopen the case and argued that, in his March 2000 motion to reopen, he had presented additional evidence that he had exhausted his administrative remedies. *See* ROA Docs. 48 and 49 (Motions to Reopen). In September 2002, the district court denied the motions without prejudice and found that Edwards's February 2002 motions did not "present any evidence of ... exhaustion of administrative remedies." *See* ROA Doc. 51 (Order) at 2. Edwards has not filed a separate notice of appeal from the denials of these motions to reopen or for reconsideration and we do not address the district court's decision with respect to these motions. In any event, upon remand the district court will be free to reconsider these submissions in light of this summary order and the five exhaustion decisions issued on August 18, 2004 referenced above. *See Abney v. McGinnis,* 380 F.3d 663 (2d Cir.2004); *Giano,* 380 F.3d 670; *Hemphill,* 380 F.3d 680; *Johnson v. Testman,* 380 F.3d 691; *Ortiz v. McBride,* 380 F.3d 649 (2d Cir.2004).

ture of the wrong for which redress is sought,' ... is not manifestly obvious," *id.* (quoting *Strong v. David,* 297 F.3d 646, 650 (7th Cir.2002)), and, therefore, remanded the issue to the district court for a determination, *see id.* As in *Johnson,* this Court is not in a position to determine whether or not the allegations raised by Edwards sufficed to notify the defendants of his grievance because the district court has not considered the issue. Accordingly, on remand, the district court shall determine whether Edwards's allegations sufficed to put the defendants on notice and provided defendants the time and an opportunity to address Edwards's complaints internally. *See id.* ("In order to exhaust ... inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.").

The Warden's correspondence attached to Edwards's complaint suggests that Edwards may have received multiple and potentially confusing messages with respect to the appropriate mechanisms of seeking redress, such as the instruction that Edwards should direct concerns to his counselor or unit manager, that sanctions might apply if Edwards pursued his complaint, that the Warden was triggering a more formal inquiry internally, and that future inquiries with respect to Edwards's allegations should be directed to him personally by telephone by Edwards's mother. Accordingly, if the district court concludes that Edwards's allegations did not suffice to exhaust his claims, the district court should further consider whether respondents are estopped or otherwise precluded from raising the defense of failure to exhaust, or whether Edwards was justified in his alleged failure to follow formal or further informal grievance procedures. *See Hemphill,* 380 F.3d at 686 (discerning three part inquiry into (1) whether the administrative remedies were in fact "available" to the prisoner, (2) whether defendants waived or are estopped from raising defense of failure to exhaust due to their own actions inhibiting the prisoner from filing a grievance, and (3) whether any alleged "special circumstances" "justif[ied]" the prisoner's failure to exhaust); *cf. Giano,* 380 F.3d at 678 (holding that prisoner justifiably failed to file an ordinary grievance when the prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse).

For the reasons set forth above, the judgment of the district court is hereby VACATED and the matter is remanded for further proceedings in accordance with this order.