**Robert ALLAWAY, Plaintiff,**

v.

**Superintendent Michael McGINNIS, et al., Defendants.**

**No. 03–CV–6071L.**

United States District Court, W.D. New York.

March 28, 2005.

Robert Allaway, Pine City, NY, pro se.

Charles D. Steinman, Esq., New York State Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Plaintiff, Robert Allaway, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First, Eighth, and Fourteenth Amendment rights during and after an altercation at Southport Correctional Facility on May 28, 1999. Plaintiff has sued eighteen defendants who, at all relevant times here, were correctional officers, supervisors, or medical personnel at Southport.[1]

Before the Court is defendants' motion for summary judgment, brought pursuant to FED. R. CIV. P. 56 (Dkt.# 34). Defendants maintain that plaintiff's complaint is barred by the statute of limitations and that dismissal is warranted in any event because plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) ("PLRA").

For the reasons set forth below, defendants' motion is denied.

## PROCEDURAL BACKGROUND

This is the second action that plaintiff filed against the defendants in connection with the May 28, 1999 incident. Shortly after the incident, on July 21, 1999, plaintiff commenced a § 1983 action in federal court alleging essentially the same claims against the same defendants based on the same facts as are asserted here. *See Allaway v. McGinnis, et al.,* W.D.N.Y. 99–CV–6310L ["*Allaway I*"], Dkt. # 1. After *Allaway I* had been pending for two years, defendants moved for summary judgment based on, *inter alia,* plaintiff's failure to exhaust administrative remedies. *See Allaway I,* Dkts. ## 73, 85, 114.

In two Decisions and Orders, I granted defendants' motions based on the Supreme Court's then-recent decision in *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). *See Alaway I,* Dkts. ## 111, 116. Although it appeared plaintiff had taken some steps after the complaint was filed to exhaust his remedies with respect to some of his claims, I could not consider those measures under the PLRA and *Porter* because complete exhaustion was required *before* commencement of the action. I held, therefore, that the "best course of action [was] to dismiss the entire complaint *without prejudice* to afford Allaway an opportunity to exhaust his administrative remedies." *Allaway I,* Dkt. # 116, pp. 6–7 (emphasis added). Fi-

---

1. Plaintiff alleges that Correctional Officers Banks, Bahantka, Lovejoy, Warren, and Mastrantonio, and Sergeant Grover assaulted him while he was being extracted from the exercise yard at Southport on May 28, 1999. He claims that Lieutenants Pangia and Hager, Sergeant Shaw, and Correctional Officer Shoemacker failed to intervene to prevent the assault that day. He also alleges that Southport Superintendent McGinnis and Deputy Superintendent for Security Richard Morse failed to properly train and supervise the other defendants, and that Morse retaliated against him by issuing certain deprivation orders. After the assault, plaintiff claims that Nurse Miller, Dr. Alves, and Nurse Administrator Obremski failed to properly treat his injuries, and that Nurse Brandt delayed his treatment and made inaccurate entries in his medical records. Plaintiff accuses defendant Meck (now deceased) of failing to process correctly plaintiff's grievances in connection with these incidents. Finally, plaintiff names Nurse vonHagn in the complaint, but does not allege how vonHagn allegedly violated his rights. (Dkt. # 1).

nal judgment dismissing plaintiff's complaint was entered on September 18, 2002.

Plaintiff did not appeal from dismissal of *Allaway I*. Instead, he attempted to fully exhaust his administrative remedies at the facility and appeals levels prior to refiling his complaint. Southport officials rejected his attempt to file any grievances and returned all paperwork to him. Prison officials determined that the grievances were untimely and that there were no mitigating circumstances warranting the late filing. (Dkt.# 42). Plaintiff thereafter commenced this subsequent action by filing the complaint herein with prison officials on or about February 12, 2003.

## DISCUSSION

### I. Statute of Limitations

The statute of limitations for constitutional torts brought pursuant to 42 U.S.C. § 1983 in New York State is three years. N.Y. CIV. PRAC. L. § 214(5); *see Owens v. Okure*, 488 U.S. 235, 249–51, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir.1993). It is undisputed that plaintiff filed the complaint in this action in February 2003, more than three years after his claims accrued in May and June of 1999. Defendants argue that the complaint, therefore, must be dismissed as untimely. In seeking such relief, however, defendants have not considered the application of any of New York's tolling provisions relative to the statute of limitations. I find that plaintiff is entitled to toll the statute of limitations pursuant to C.P.L.R. 205(a), and that this action is, therefore, timely.

It is well-settled that "when a federal court looks to state law to determine the most appropriate statute of limitations, it must also, so long as federal policy is not thereby offended, apply the state's rules as to the tolling of the stat-

ute." *Cullen v. Margiotta*, 811 F.2d 698, 719 (2d Cir.1987), *overruled on other grounds, Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987); *see also Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 484–92, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). "The Supreme Court has instructed that in section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules' ... unless applying the state's tolling rules 'would defeat the goals of the federal statute at issue'." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (quoting *Tomanio*, 446 U.S. at 484–86, 100 S.Ct. 1790, and *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989)).

New York's tolling statute, C.P.L.R. 205(a), provides that:

if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

N.Y. C.P.L.R. § 205(a) (Consol.1999). This provision tolls the statute of limitations during the pendency of an action that has been terminated for what is usually a curable or procedural defect. *See Cecere v. County of Westchester*, 814 F.Supp. 378, 381 (S.D.N.Y.1993).

Dismissal of an action without prejudice for failure to exhaust administrative

remedies, such as the dismissal in *Allaway I*, is precisely the type of termination subject to the safety net created by C.P.L.R. 205(a). *See Gashi v. County of Westchester*, No. 02 Civ. 6934, 2005 WL 195517, *9 (S.D.N.Y. Jan. 27, 2005) (finding that dismissal without prejudice for failure to exhaust administrative remedies pursuant to the PLRA "is a manner of termination not listed as excluded from the protection of § 205(a)"); *Mahony v. Bd. of Educ.*, 113 A.D.2d 942, 493 N.Y.S.2d 839 (2d Dep't 1985) (considering application of C.P.L.R. 205(a) to case previously dismissed for failure to exhaust administrative remedies in connection with an arbitration proceeding). As the Second Circuit has repeatedly held, the "[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw." *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir.1999).

The Second Circuit explained the purpose of C.P.L.R. 205(a) as follows:

> Aggrieved plaintiffs who institute their actions within the time specified by law sometimes suffer a dismissal, intended as provisional, as the result of some remediable deficiency, such as omission of an allegation necessary to the pleading, failure to exhaust an administrative prerequisite, or the like. For reasons the plaintiff is powerless to protect against, such a dismissal may be ordered, as in this case, after the expiration of the time allowed for instituting such a suit, and without offering the plaintiff the opportunity to replead in the original action. Such a dismissal, although intended by the court as a temporary measure, nonetheless may have the effect of permanently barring the plaintiff's suit. Without the remedial benefit of § 205(a), it would be unclear how much time, if any, the plaintiff had in which to reinstitute the suit.

The purpose of § 205(a) is to avert unintended and capricious unfairness by providing that if the first complaint was timely but was dismissed for such curable reasons, the suit may be reinstituted within six months of the dismissal.

*Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir.2003).

Applying these principles here, I find that C.P.L.R. 205(a) applies and that plaintiff's complaint in this subsequent action is timely. Therefore, defendants' motion to dismiss on untimeliness grounds is denied.

█ Plaintiff's first action "terminated" within the meaning of C.P.L.R. 205(a) on September 17, 2002, the date that final judgment was entered dismissing plaintiff's complaint without prejudice. *See Cecere*, 814 F.Supp. at 381 (applying C.P.L.R. 205(a) and holding that "entry of judgment under Fed. R. Civ. P. 58 marks termination of a case for purposes of restarting the running of time limitations"); *Franklin Nursing Home v. Axelrod*, 148 Misc.2d 556, 560 N.Y.S.2d 924 (1990) (prior federal action "terminated" on date of the entry of final judgment dismissing the final cause and complaint in its entirety, not on the date of the decision dismissing plaintiff's state-law claims on jurisdictional grounds); *see also Maki v. Grenda*, 224 A.D.2d 996, 637 N.Y.S.2d 553 (4th Dep't 1996).

Plaintiff commenced the second action no later than February 12, 2003, the date of the postmark on the envelope containing plaintiff's complaint that was mailed by prison officials. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (a prisoner "files" a complaint on the date that he delivers it to prison officials); *Dory*, 999 F.2d at 681–82 (same). Plaintiff's second complaint, therefore, was commenced within six months of the termination of *Allaway I* and is timely under § 205(a). *See Gashi*, 2005 WL 195517, at *9 (applying C.P.L.R.205(a) to toll statute

of limitations of a § 1983 action that had previously been dismissed without prejudice for failure to exhaust administrative remedies under the PLRA).

■ Although C.P.L.R. 205(a) provides that service of process also must be effected within the six month period, I agree with the District Court in *Gashi* that whether defendants were served within six months of termination of the first action was "a moot point since state law regarding the method or timing of service of process is not borrowed along with the statute of limitations, where the underlying cause of action is federal." *See Gashi*, 2005 WL 195517, at *9; *see also Cecere*, 814 F.Supp. at 381. "Commencement" of an action in federal court occurs on the date of filing of the complaint, not upon service. *See* FED. R. CIV. P. 3.

■ I also find that applying C.P.L.R. 205(a) to this case would not defeat the goals of either § 1983 or the PLRA. The purpose of § 1983 is "to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief." *Burnett v. Grattan*, 468 U.S. 42, 55, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Such a goal is not compromised by application of an equitable toll extending the statute of limitations so that plaintiff may pursue his § 1983 claim. *See Gashi*, 2005 WL 195517, at *11 (applying 205(a) toll did not defeat the goals of § 1983).

■ It is a closer question as to whether the application of the tolling provision would defeat the goals of the PRLA. The Supreme Court recognized that the purpose of the PLRA was to afford prison officials the time and opportunity to address prisoner complaints internally through administrative processes before initiation of a federal lawsuit. By requiring that prisoners exhaust internal administrative processes first, the goal was "to reduce the quantity and improve the quality of prisoner suits" by filtering out frivolous claims or having issues decided at the facility level to the prisoner's satisfaction without the need to resort to federal courts. Moreover, in the event a federal court action was filed, exhaustion of remedies would facilitate adjudication of those claims in court by having an administrative record that "clarifie[d] the contours of the controversy." *Porter*, 534 U.S. at 524–25, 122 S.Ct. 983.

I find that, in the unique circumstances of this case, these goals are not frustrated by applying C.P.L.R. 205(a) here. Importantly, applying the toll here in no way excuses plaintiff from his obligation to fully exhaust his administrative remedies before bringing an action in federal court. As discussed *infra*, plaintiff still must show proof that this action was filed after "such administrative remedies as are available [were] exhausted." 42 U.S.C. § 1997e(a).

In addition, applying the toll here does not deprive prison officials of the opportunity to investigate and attempt to resolve plaintiff's complaints internally. Nor does it preclude the development of an administrative record that can be used to facilitate adjudication of the claims here. A review of the extensive administrative record created in *Allaway I* shows that, in the months following the May 28, 1999 incident, plaintiff filed formal and informal grievances with prison officials including Superintendent McGinnis and other supervisory officials. It is clear, based on these documents, that many of plaintiff's complaints were investigated by prison officials in a timely manner at or near the time of the incidents in question. There is no question that significant time and effort, both by plaintiff and DOCS officials, was devoted to addressing plaintiff's concerns at the facility level regarding the

May 28, 1999 incident, plaintiff's subsequent medical care, and the discipline imposed at the facility. There is also evidence that he attempted, at least in certain instances, to appeal from those findings. *See, e.g., Allaway I,* Dkts. ## 57, 72, 84. Consequently, an administrative record clarifying the "contours of the controversy" already existed at the time of the dismissal in *Allaway I.* Nevertheless, I could not consider a large portion of that record because plaintiff had filed suit *before* taking many of the steps he took to exhaust his administrative remedies.

In addition, applying the toll here does not frustrate the purpose of the PLRA to improve the quality of § 1983 claims that come before federal courts. The allegations in plaintiff's complaint involve claims of excessive physical force, retaliation, and denial of medical care, all of which are serious. This is not an instance in which plaintiff alleges minimal deprivations that are typical of prison life. Furthermore, the claims here were not dismissed because they lacked merit. If that had been the case, C.P.L.R. 205(a) would not apply to give plaintiff a second bite of the apple. By its express language, the statutory toll under § 205(a) does not apply to any action that is dismissed "on the merits."

This is not a situation in which a prisoner bypassed the administrative process entirely and filed a federal lawsuit without taking any steps to exhaust his administrative remedies. In such cases, if the action is dismissed for failure to exhaust remedies at a time when the statute of limitations has expired, courts have not been reluctant to dismiss the case with prejudice. *See Berry v. Kerik,* 366 F.3d 85, 88 (2d Cir.2004) (dismissal with prejudice was the appropriate remedy "where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no

special circumstances justified failure to exhaust"). As a result, I find that application of the statutory toll found in C.P.L.R. 205(a) does not frustrate the purpose of the PLRA given the circumstances in this case.

Moreover, during the time *Allaway I* was pending the law regarding exhaustion was ever-changing. The parties did not focus on the issue until two years after the complaint had been filed. Plaintiff's case was terminated shortly after the Supreme Court decided *Porter v. Nussle* and held that the PLRA applied to *all* types of prisoner suits. Additionally, it appears that DOCS's policies regarding exhaustion also have changed since 1999, and issues that used to be considered "non-grievable" now must be raised at the administrative level. Consequently, this is a case in which some type of equitable remedy is appropriate. *See Clifford v. Gibbs,* 298 F.3d 328, 333 (5th Cir.2002) (applying equitable tolling for duration of first federal lawsuit that was dismissed without prejudice for failure to exhaust under PLRA, so as to allow plaintiff to refile complaint after exhaustion); *Wisenbaker v. Farwell,* 341 F.Supp.2d 1160 (D.Nev.2004) (same); *Redd v. Sailor,* No. Civ.A. 00–442–AM, 2002 WL 32442239 (E.D.Va.2002), *aff'd* 37 Fed.Appx. 76, 2002 WL 1239313 (4th Cir. 2002) (same).

Finally, the Second Circuit in *Hakala* recognized that "[g]iven its remedial importance in guarding against capricious, unfair deprivation of a valuable claim, the Court of Appeals has cautioned that § 205(a)'s 'broad and liberal purpose is not to be frittered away by any narrow construction.' *Morris Investors, Inc. v. Comm'r of Finance,* 69 N.Y.2d 933, 935, 516 N.Y.S.2d 635, 509 N.E.2d 329 (1987) (internal quotation marks and citations omitted)." *Hakala,* 343 F.3d at 115. Applying the toll here, based on the narrow

circumstances presented in this case, supports the remedial purpose of the state statute, without defeating the purposes of the federal statutes at issue.

## II. Exhaustion of Administrative Remedies

■ Defendants' motion for summary judgment based on plaintiff's failure to exhaust must be denied at this time for a number of reasons. First, defendants' motion addresses only those efforts that plaintiff took to exhaust his administrative remedies after I terminated *Allaway I*. The defendants framed the issue as whether DOCS's "refusal to allow an inmate to file an untimely grievance constitutes exhaustion of the grievance process." (Dkt. # 36, p. 6). Citing cases that hold that it does not, defendants argue summary judgment is warranted.

As framed by the defendants, that is not the sole issue facing the Court regarding exhaustion. Defendants did not address in their motion the efforts plaintiff took before and during the time that *Allaway I* was pending. In addition, they posit that

"[i]t is uncontroverted that plaintiff did not file a timely grievance with respect to the claims set forth in his complaint." (Dkt.# 36, p. 8). There is no support for that statement, nor is it the holding of either of the Court's decisions in *Allaway I*.

■ Finally, at the time that defendants filed their motion, the five exhaustion decisions issued on August 18, 2004 by the Second Circuit had not yet been decided. *See Abney v. McGinnis*, 380 F.3d 663 (2d Cir.2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004); *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004); *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir.2004). Based on some of the allegations plaintiff raised regarding his efforts to exhaust his remedies, there is little doubt that these cases could have some bearing on whether plaintiff has exhausted his claims here.[2] Neither the parties nor the Court had the benefit of these cases at the time *Allaway I* was decided. Therefore, analysis of these cases to the facts of this case should

---

**2.** The Court summarized in *Abney*, 380 F.3d at 667, the issues that were raised by these decisions regarding exhaustion of administrative remedies under the PLRA:

> While "our circuit has recognized that ... the PLRA's exhaustion requirement is 'mandatory,' *Porter*, 534 U.S. at 524, 122 S.Ct. 983, 152 L.Ed.2d 12, certain caveats apply," *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004). For example, we have held that "there are certain 'special circumstances' in which, though administrative remedies may have been available and though the government may not have been estopped from asserting the affirmative defense of non-exhaustion, the prisoner's failure to comply with administrative procedural requirements may nevertheless have been justified." *Giano v. Goord*, 2004 WL 1842652, 380 F.3d 670 (2d Cir.2004) (citing *Berry v. Kerik*, 366 F.3d 85, 87–88 (2d Cir.2004)). Defendants may also be estopped from raising non-exhaustion as an

affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures. *Ziemba v. Wezner*, 366 F.3d 161, 163–64 (2d Cir.2004). Additionally, exhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies, *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir.2004), where claims are fully exhausted through other administrative procedures which were pursued for good reasons, *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), or where defendants have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004). In addition to these caveats, there are also situations in which administrative remedies are not actually "available" under the PLRA, 42 U.S.C. § 1997e(a).

precede any determination of the exhaustion issue, should defendants wish to continue to pursue that as a basis for dismissal. *See Edwards v. Tarascio,* 119 Fed. Appx. 327, 2005 WL 18050 (2d Cir.2005) (remanding case to district court for further proceedings to consider the Court's opinions in *Abney, et al.*).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. # 34) is denied.

IT IS SO ORDERED.