Joseph **BERRY**, Plaintiff–Appellant,

v.

Bernard B. **KERIK**, Commissioner of New York City Department of Corrections, et al., Defendants–Appellees.

Joseph T. **Berry**, Plaintiff–Appellant,

v.

Bernard B. **Kerik**, Commissioner of New York City Department of Corrections, et al., Defendants–Appellees.

Docket Nos. 03–0017, 03–0141.

United States Court of Appeals, Second Circuit.

Submitted: Sept. 3, 2003.

Decided: Sept. 25, 2003.

Amended: April 29, 2004.

---

Joseph T. Berry, pro. se, Wyoming Correctional Facility, Attica, N.Y., submitted papers for Plaintiff–Appellant.

Julian L. Kalkstein, Asst. Corporation Counsel, New York, N.Y., submitted papers for Defendants–Appellees.

Before: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This motion for appointment of counsel on appeal merits a brief opinion [1] to clarify whether a district court should dismiss with or without prejudice a prison conditions complaint by a prisoner who has not exhausted administrative remedies. The motion is brought by Joseph T. Berry after judgment was entered in the District Court for the Southern District of New York (Richard M. Berman, District Judge), dismissing with prejudice two complaints against New York City prison officials. Because Berry failed to exhaust his administrative remedies for several months during which those remedies were available and because such remedies are no longer available, dismissal with prejudice was proper. The appeal therefore is entirely without merit, the motion is denied, and the appeal is dismissed.

## Background

Berry filed two lawsuits under 42 U.S.C. § 1983, complaining of mistreatment that occurred while he was incarcerated at Riker's Island Correctional Facility ("Riker's"), under the jurisdiction of the New York City Department of Corrections ("NYCDOC"). The first lawsuit alleged inadequate dental care for a condition that developed in March 1998. The second al-

---

**1.** A previous opinion in this appeal was filed on September 25, 2003, and subsequently withdrawn. *See Berry v. Kerik,* 345 F.3d 126 (2d Cir.2003).

leged lack of heat and hot water beginning in October 1998. Berry acknowledges that he did not pursue to completion his administrative remedies with respect to his first complaint and took no action to exhaust administrative remedies with respect to his second complaint.

Berry was released from Riker's on January 29, 1999, and, pertinent to the pending appeal, returned to the custody of the NYCDOC on September 17, 1999, after being arrested for larceny. He was released on bail on the larceny charge on June 15, 2000. Berry filed his lawsuits on April 13, 2000, and May 17, 2000, while in the custody of the NYCDOC prior to release on bail on the larceny charge. He was again returned to the custody of the NYCDOC on August 15, 2000, when he was charged with robbery. He was confined at Riker's until November 2000, when he was transferred to a state prison following imposition of an eight-year sentence on the robbery charge. Magistrate Judge James C. Francis IV recommended dismissal of both lawsuits for lack of exhaustion of administrative remedies. After receiving Berry's objections to the recommendation, Judge Berman dismissed both lawsuits with prejudice.

## Discussion

■ Congress has provided that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000); *see Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Because Berry was a confined prisoner at the time he filed his lawsuits, section 1997e(a) is applicable. *See Dixon v. Page*, 291 F.3d 485, 488–89 (7th Cir.2002) (exhaustion required for released prisoner who was confined

when he filed his lawsuit); *Harris v. Garner*, 216 F.3d 970, 978 (11th Cir.2000) (in banc) (same); *cf. Greig v. Goord*, 169 F.3d 165, 167 (2d Cir.1999) (exhaustion not required for former prisoner who is not confined at the time he files his lawsuit); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir.1998) (same); *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir.1998) (same). And because, at the time he filed his two lawsuits, Berry was reincarcerated in the custody of the agency against which he had grievances, the NYCDOC, his administrative remedies were available.

As we have noted, "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit ...." *Snider v. Melindez*, 199 F.3d 108, 111–112 (2d Cir.1999). In such circumstances, we have recognized that dismissal without prejudice is appropriate. *See Neal v. Goord*, 267 F.3d 116, 123 (2d Cir.2001); *Giano v. Goord*, 250 F.3d 146, 151 (2d Cir.2001).

■ However, in *Morales v. Mackalm*, 278 F.3d 126, 128, 131 (2d Cir.2002), we broadly stated that any dismissal for failure to exhaust administrative remedies should be without prejudice. That statement was dictum; the holding in *Morales* was that exhaustion was not required for a retaliation claim, *id.* at 128 (citing *Lawrence v. Goord*, 238 F.3d 182 (2d Cir. 2001)), a holding subsequently abrogated by the Supreme Court in *Porter*, 534 U.S. at 532, 122 S.Ct. 983, which applied the exhaustion requirement to "all inmate suits about prison life." Significantly, *Morales* relied on our prior decision in *Giano, see Morales*, 278 F.3d at 131, but *Giano*, in approving a dismissal without

prejudice, had been careful to note that administrative procedures were still available to the prisoner, *see Giano,* 250 F.3d at 150. *Morales* understandably recommended a dismissal without prejudice in the circumstances of that case, since, at that time, exhaustion was not thought to be required for the prisoner's claim. However, the broader dictum that dismissal for failure to exhaust "should" be without prejudice would extend too far if applied to cases where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.

■ In the pending case, Berry's administrative remedies were available to him during three periods of his confinement in the custody of the NYCDOC. Initially, he could have exhausted remedies for his March and October 1998 grievances prior to his first release in January 1999. He could also have exhausted remedies while in the custody of the NYCDOC between September 1999 and June 2000. Finally, he could have exhausted remedies while again in the custody of the NYCDOC from August 2000 until his transfer to State custody in November 2000. Thus, Berry remained at Riker's for several months after the onset of the conditions that gave rise to his complaints and prior to his release, and then had nine more months to pursue administrative remedies between his reincarceration on the larceny charge and his release on bail, and three more months between his reincarceration on the robbery charge and his transfer to state custody. The fact that his two reincarcerations were for offenses different from the one for which he was confined when his grievances arose does not excuse failure to exhaust. As long as he was within the custody of the agency against which he had grievances, the NYCDOC, he was required to use available grievance procedures. Under these circumstances and in the absence of any justification for not pursuing available remedies,[2] his failure to pursue administrative remedies while they were available precluded his federal lawsuits, and they were properly dismissed with prejudice.[3]

Since the appeal is frivolous, it must be dismissed, *see* 42 U.S.C. § 1997e(c)(1); *see also Crawford–El v. Britton,* 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (authorizing dismissal of frivolous *in forma pauperis* suits pursuant to 28 U.S.C. § 1915(e)(2) (Supp. II 1997)). Berry's motion for appointment of counsel, which, in any event, could not satisfy the standard of "likely merit," *see Cooper v. A. Sargenti Co.,* 877 F.2d 170, 171–74 (2d Cir.1989), is denied as moot.

**2.** In his submissions concerning his confinement status, Berry claims that he resolved his grievances through informal prison channels and that resolution excused his failure to exhaust. This contention is belied, however, by Berry's complaint, which described his continuing to experience "extreme pain" after he left Riker's Island, and by other submissions describing his other complaints as being only "temporarily" resolved.

**3.** We have no occasion to consider the exhaustion requirement in situations where only a brief interval elapses between the episode giving rise to the prisoner's complaint and the prisoner's transfer to the custody of another jurisdiction.