Ivan RODRIGUEZ, Plaintiff–Appellant,

v.

WESTCHESTER COUNTY JAIL CORRECTIONAL DEPARTMENT, Assoc. Warden Miranda, Emergency Response Team (ERT), Westchester County Jail, Sgt. Gary Johnson, Supervisor, ERT, Officer Rosendorn, John Doe–1, John Doe–2, EMSA Correctional Care, Defendants–Appellees.

Docket No. 02–0325.

United States Court of Appeals, Second Circuit.

Submitted: April 14, 2004.

Decided: June 24, 2004.

Ivan Rodriguez, pro se, Green Haven Correctional Facility, Stormville, N.Y., submitted papers for Plaintiff–Appellant.

Thomas G. Gardiner, County Attorney's Office, White Plains, N.Y., submitted papers for Defendants–Appellees.

Before: NEWMAN, KEARSE, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This petition for rehearing of an order denying a motion to dismiss an appeal merits a brief explication of a narrow issue concerning exhaustion of prison administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2000). The issue is whether justifiable circumstances may sometimes excuse a prisoner's failure to exhaust administrative remedies when challenging conditions of confinement. We conclude that exhaustion may sometimes be excused

and should be excused in this case. We therefore deny the petition for rehearing.[1]

Ivan Rodriguez was incarcerated in the Westchester County Jail from July 1997 to November 1998, when he was transferred beyond the authority of Westchester County officials. In April 1998 he filed a complaint under 42 U.S.C. § 1983 in the District Court for the Southern District of New York against county entities and jail officials ("County Defendants") and EMSA Correctional Care ("EMSA"), alleging constitutional torts arising from an episode in October 1997. Rodriguez claimed that jail personnel beat him and that EMSA denied him proper medical treatment for his injuries.

The County Defendants and EMSA filed separate motions for summary judgment, contending, among other things, that Rodriguez had failed to exhaust administrative remedies. Rodriguez acknowledged that he had not exhausted administrative remedies, but sought to excuse his omission primarily for two reasons. First, he contended that he did not think exhaustion was required for a single episode of prisoner mistreatment, as distinguished from continuing prison conditions. Second, he contended that by the time the Supreme Court ruled in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), that all prisoner complaints required exhaustion, he had been transferred from the Westchester County Jail, and administrative remedies were no longer available to him.

The District Court (Robert P. Patterson, Jr., District Judge) granted the Defendants' motions, entering judgment for the County Defendants on August 23, 2002, and for EMSA on June 23, 2003. The Court acknowledged that in 2000, prior to

---

a published opinion to be warranted.

the Supreme Court's 2002 decision in *Porter*, our Court had ruled that exhaustion was not required for single episode grievances, *see Nussle v. Willette*, 224 F.3d 95, 100 (2d Cir.2000), *rev'd, Porter*, 534 U.S. at 523, 122 S.Ct. 983. Nevertheless, Judge Patterson concluded that Rodriguez had been required to exhaust because he had had more than a year before his transfer during which he could have exhausted then-available administrative remedies and, that during that interval, he could not have relied on *Nussle*, which had not then been decided.

Rodriguez appealed the dismissal of his claims against the County Defendants in No. 02–0325,[2] and later appealed the dismissal of his claims against EMSA in No. 03–0240. The Defendants moved to dismiss both appeals because of Rodriguez's failure to exhaust administrative remedies. On April 16, 2004, we entered a brief summary order in No. 02–0325, which denied the County Defendants' motion to dismiss Rodriguez's appeal and remanded to the District Court for consideration of the merits.[3] Somewhat cryptically, we noted only that Rodriguez's administrative remedies became unavailable prior to the Supreme Court's ruling in *Porter*. The County Defendants petitioned for rehearing. On May 6, 2004, we denied the petition for rehearing in a summary order that amplified the reasons for our April 16 order. *Rodriguez v. Westchester County Jail Correctional Department*, No. 02–0325 (2d Cir. May 6, 2004).

■ Our May 6 order pointed out that because a panel of this Court had interpreted the PLRA not to require exhaustion for claims of excessive force, "Rodriguez's own prior understanding of the statute, even though ultimately determined to be incorrect, *see Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), was a 'justification for not pursuing available remedies.' " *Rodriguez v. Westchester County Jail Correctional Department*, No. 02–0325 (2d Cir. May 6, 2004) (quoting *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir.2004)). That sentence comprehended two points that we now further elaborate.

First, in *Berry* we had stated that a prisoner's complaint should be dismissed with prejudice where administrative remedies were available for a reasonable length of time and were not exhausted "in the absence of any justification." *Berry*, 366 F.3d at 88. *Berry* thus implied that circumstances might arise that would justify and thereby excuse a failure to exhaust remedies, although such circumstances were not present in Berry's case.

■ Second, our May 6 order applied the implication of *Berry* by ruling that Rodriguez had shown justification for not exhausting remedies. That justification was the prisoner's belief that exhaustion was not required, a belief deemed reasonable because it was thereafter entertained by a panel of this Court (until later rejected by the Supreme Court).

**2.** The notice of appeal in No. 02–0325 was premature because the claims against EMSA were still pending in the District Court, and a partial judgment under Fed.R.Civ.P. 54(b) had not been ordered. However, the notice of appeal became effective upon the District Court's subsequent dismissal of the claims against EMSA, thereby permitting entry of a final judgment disposing of all claims. *See* Fed. R.App. P. (4a)(2).

**3.** Also on April 16, 2004, we entered a summary order granting EMSA's motion to dismiss the appeal in No. 03–0240 "because it lacks an arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); 28 U.S.C. § 1915(e)."

The May 6 order also implicitly ruled that although exhaustion would have been required after the Supreme Court's decision in *Porter*, Rodriguez's transfer from the jurisdiction of Westchester County officials precluded dismissal of his complaint because the transfer rendered administrative remedies no longer "available," a condition of the exhaustion requirement of section 1997e(a).

For all of these reasons, we denied the County Defendants' petition for rehearing and reconfirm that ruling today.[4]

---

4. Our May 6 ruling also rejected the County Defendants' claim that Rodriguez's appellate brief had not pursued his claim of excessive force. As we pointed out, his brief, filed October 15, 2003, explicitly stated that he was challenging the District Court's June 19, 2003, ruling, and that ruling denied Rodriguez's motion to file an amended complaint, which included an excessive force claim. The brief also identified as one of the issues presented: "Should the case be remanded for a determination as to whether the plaintiff was authorized to file an amended complaint without exhaustion[?]"