**Leroy WILLIAMS Petitioner,**

v.

**Peter COMSTOCK, Respondent.**

**Docket No. 04–6453–PR.**

United States Court of Appeals, Second Circuit.

Submitted: Sept. 16, 2005.

Decided: Sept. 29, 2005.

Leroy Williams, pro se.

Peter H. Schiff, Senior Counsel (Eliot Spitzer, Attorney General of the State of New York, of counsel; Victor Paladino, Assistant Solicitor General, of counsel).

Before: MINER and WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

PER CURIAM.

On September 8, 2001, Leroy Williams, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), suffered a stroke that left him paralyzed on the left side of his body. Nearly two years later, in July 2003, Williams filed with the DOCS Inmate Grievance Program ("IGP") a grievance alleging that a DOCS nurse had failed to provide adequate medical care at the time of Williams's stroke. The IGP supervisor rejected the grievance on the ground that it was not filed within 14 days of the incident and therefore was untimely filed pursuant to IGP policy. On October 20, 2003, Williams brought a civil rights action against Comstock under 42 U.S.C. § 1983. The district court dismissed the action for failure to exhaust administrative remedies as required by the Civil Rights of Institutionalized Persons Act, Pub. L. No. 96–247, 94 Stat. 349 (1980), as amended by the Prison Litigation Reform Act ("PLRA") Pub. L. No. 104–134, 110 Stat. 1321 (1995). We affirm.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Williams argues that the grievance he filed with the IGP satisfies the PLRA's exhaustion requirement even though IGP rejected the grievance as untimely. This Court has stated that "prisoners may not circumvent the exhaustion requirement simply by waiting to bring a Section 1983 action until their administrative complaints are time-barred." *Giano v. Goord,* 380 F.3d 670, 677 (2d Cir.2004). To be sure, *Giano* was careful to point out that it will not always be the case that "nonexhaustion caused by a prisoner's failure timely to pursue 'available' administrative remedies is [not] justified." *Id.* at 678. But the plaintiff must allege "circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." *Id.* In *Rodriguez v. Westchester County Jail Correctional Department,* 372 F.3d 485 (2nd Cir.2004), the Court held that the plaintiff's understanding that exhaustion was not required was a valid justification for not exhausting remedies because, subsequent to the defendant's failure to exhaust, we had entertained the same understanding in a separate case until later overruled by the Supreme Court, *id.* at 487. Similarly, in *Giano,* the Court ruled that the plaintiff's interpretation of DOCS regulations, even in the absence of a subsequent Second Circuit case ratifying the interpretation, was a valid justification for failing to exhaust administrative remedies simply because the interpretation was not unreasonable. *Giano,* 380 F.3d at 678–79.

Although *Rodriguez* and *Giano* do not necessarily describe the only circumstances under which failure to exhaust administrative remedies is justified, it is worthwhile noting that in the instant case, petitioner does not claim that he misread DOCS policy. Instead, Williams claims that "it was both physically and mentally

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

impossible for him to file an institutional grievance within fourteen days ... after suffering from the onset of a stroke which left him partially debilitated, i.e., paralyzed on his left side." Appellant's Br. at 8. While it might be true that Williams was incapable of filing his grievance within two weeks of his stroke, Williams does not explain why he waited nearly two years to file the grievance. We therefore do not find Williams's justification persuasive. Accordingly, the failure to timely file the grievance in accordance with IGP rules amounted to a failure to exhaust administrative remedies in this case.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby affirmed.