11-2563-pr(L)
Johnson v. Burge

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of  December, two thousand twelve.

Present:
   ROBERT A. KATZMANN,
   BARRINGTON D. PARKER, JR.,
   RICHARD C. WESLEY,
     *Circuit Judges*.

_____

JOHNATHAN JOHNSON,

   *Plaintiff-Appellant*,

    v.

JOHN BURGE,

   *Defendant-Appellee*,

B. CONNOLLY, JOHN ALVES, MILES, N. SMITH, JOHN AND JANE DOES, CLASSIFICATION AND MOVEMENT, LUCIEN LECLAIRE, JR., BRIAN FISCHER, ATKINSON, MULVERHILL, N. BEZIO, THERESA KNAPP-DAVID,

   *Defendants*.

_____

No.  11-2563-pr(L)
No.  11-3282-pr(con)
No.  11-3946-pr(con)

For Plaintiff-Appellant:              CYNTHIA NEIDL, Greenberg Traurig, LLP, Albany,
                                      N.Y.

For Defendant-Appellee:               ANDREW B. AYERS, Assistant Solicitor General, *for*
                                      Eric T. Schneiderman, Attorney General of the State of
                                      New York.


        Appeal from the United States District Court for the Northern District of New York
(Stafford & McAvoy, *JJ.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and

**REVERSED** in part and the case is **REMANDED** for further proceedings.

        Plaintiff-Appellant Johnathan Johnson appeals from three rulings by the United States

District Court for the Northern District of New York (Stafford & McAvoy, *JJ.*).[1] First, Johnson

appeals from a Decision and Order dated May 17, 2011, which denied his motion for a

preliminary injunction. Next, Johnson appeals from a Judgment dated August 5, 2011, which

dismissed his retaliation claim under 42 U.S.C. § 1983, and from an Order dated September 14,

2011, which denied his motion for reconsideration of the earlier dismissal. We assume the

parties' familiarity with the relevant facts, the procedural history, and the issues presented for

review.

        We first affirm the district court's denial of Johnson's motion for a preliminary

injunction. We review this denial only for abuse of discretion. *Grand River Enter. Six Nations,*

*Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam). To prevail on a motion for a

---

[1]The district court reassigned this case from Senior Judge Thomas J. McAvoy to Senior Judge
William H. Stafford, Jr. on May 25, 2011. Judge Stafford, of the United States District Court for the
Northern District of Florida, sat by designation.

preliminary injunction, "[t]he moving party must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). "Such relief, however, is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005).

On appeal, Johnson argues that the district court erred when it found that it could not properly grant the relief Johnson had requested. But Johnson does not address the district court's further conclusion that no evidence supported—and substantial evidence contradicted—the allegations on which he based his motion. Because Johnson has not identified any evidence that the district court overlooked, he cannot make the clear showing required to prevail on his motion. Accordingly, we affirm the denial of his motion for a preliminary injunction.

Turning to the district court's dismissal of Johnson's complaint, "[w]e review a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e de novo." *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1), a district court must dismiss claims by prisoners whenever it concludes that those claims fail to state a claim on which relief may be granted. To determine whether a complaint states such a claim, a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Johnson brought a claim under 42 U.S.C. § 1983, alleging that Burge retaliated against him for exercising his rights under the First Amendment. To prevail on his claim, Johnson must plausibly allege, "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). Johnson bases his claim on a letter in which he requested that Burge preserve evidence of an incident in which another inmate threw feces on Johnson. Johnson explained in his letter that he hoped to use any such evidence in a future lawsuit.

The district court dismissed Johnson's retaliation claim based on its conclusion that Johnson had "not alleged that he filed a 'grievance' against prison officials and . . . [had] not alleged what type of a lawsuit he planned to file against whom." J. App'x at 137. This was error. Undoubtedly, "filing a grievance is protected activity." *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (per curiam), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516, 532 (2002), *as recognized in Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2003); *see also Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) ("Intentional obstruction of a prisoner's right to seek redress of grievances 'is precisely the sort of oppression that . . . section 1983 is intended to remedy.'" (quoting *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988))). But our previous cases have defined the scope of protected conduct more broadly, including actions that "pursu[e] a grievance," such as the "attempt to find inmates to represent . . . grievants." *Graham*, 89 F.3d at 80. Requesting the preservation of evidence, much like attempting to find adequate representatives, pursues a grievance. Similarly, retaliation against prisoners for requesting the

4

preservation of evidence unquestionably obstructs their right to seek the redress of grievances. Thus, Johnson's letter qualifies as protected conduct.[2]

Although Burge advocates affirming the district court on either of two alternative grounds, neither proposed ground provides a basis for doing so. First, Burge notes that the district court held that Johnson's failure to disclose his litigation history independently warranted dismissal of his complaint. Nonetheless, 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c) do not include the failure to disclose litigation history among the multiple grounds they identify for dismissing a complaint *sua sponte*. *See, e.g.*, 28 U.S.C. § 1915(e)(2)(A) (requiring dismissal where "the allegation of poverty is untrue"). Moreover, even if dismissal on these grounds were appropriate, we have previously indicated that, except in "unmistakably clear" cases, "it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). Indeed, "dismissal in such a manner may be, 'by itself, grounds for reversal.'" *Id.* (quoting *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985)). Here, the district court did not notify Johnson that it regarded his failure to disclose litigation history as a basis for dismissing his complaint. Given (1) the uncertainty concerning whether a failure to disclose litigation history merits dismissal and (2) Johnson's lack of an opportunity to address this issue below, we reverse the district court's decision to dismiss on this basis.

---

[2]Moreover, our cases do not require, as the district court apparently thought, that Johnson describe what lawsuit he planned to file. Prisoners may file grievances based on a wide array of conduct, not merely conduct that gives rise to a legal cause of action. For example, the grievance at issue in *Graham*—a protest against "the proposed elimination of showers in the workshop," 89 F.3d at 77—likely would not have provided the basis for a meritorious lawsuit.

5

Next, Burge argues that we can affirm based on the district court's statement that it was "mindful that the uncontroverted evidence of record demonstrate[d] that" Johnson's constitutionally protected conduct did not motivate the adverse actions of which he complained. J. App'x at 138 n.3. But Burge does not explain how "evidence of record" can justify dismissing Johnson's complaint for failure to state a claim. *See Iqbal*, 556 U.S. at 678 (noting that, when assessing whether a complaint states a claim, courts accept the complaint's factual allegations as true). Moreover, when the district court, at an earlier stage of litigation, denied Burge's motion for summary judgment, it held that the parties had presented a material dispute concerning what motivated the allegedly adverse action. Burge has not appealed from the district court's denial of his motion for summary judgment on the retaliation claim.[3] Accordingly, we review only the district court's decision to dismiss Johnson's complaint, and we conclude that the "evidence of record" has no bearing on the adequacy of Johnson's factual allegations.

We have considered the parties' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3]Because Burge based his motion for summary judgment in part on a claim of qualified immunity, he may have had the right to file an immediate appeal from the district court's denial of that motion. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

6